UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

CAROL AMOLSCH,

     Plaintiff,

v.

PRINCESS CRUISE LINES, LTD.

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### THE PARTIES

1. Plaintiff, Carol Amolsch, is a resident and citizen of Nevada.

2. Defendant, Princess Cruise Lines, Ltd. (hereinafter referred to as "Princess"), is a foreign corporation with its principal place of business in California. Princess is registered to conduct business in the state of Florida and maintains offices in the state of Florida.

3. At all times material, Princess is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Florida. Princess derives substantial revenues from cruises originating and terminating in various ports in the State of Florida.

4. At all times material, Princess owned, managed, operated, maintained, supervised and/or controlled, or was the owner *pro hac vice* and/or charterer of the ocean-going passenger vessel known as the *Majestic Princess*.

### JURISDICTION AND VENUE

5. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28

U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

6. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because Princess unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this Federal District and Division,* as opposed to any other place in the world.

7. Princess, at all material times, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this State;

   d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193; and/or;

8. The acts of Princess set out in this Complaint occurred in whole or in part in this county and/or state.

9. Defendant is subject to the jurisdiction of the Courts of this State.

10. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

**<u>GENERAL ALLEGATIONS</u>**

11. Princess, as a common carrier, was engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Majestic Princess*.

12. At all times material, Princess owned, operated, managed, maintained, controlled, and/or had exclusive custody of the *Majestic Princess* ("the vessel").

13. At all times material, the vessel *Majestic Princess* was in navigable waters.

14. At all times material, Plaintiff was a fare paying passenger lawfully aboard the vessel.

15. The subject vessel is governed by regulations that provide safety standards for the design, layout, installation, and inspections of passenger-accessible flooring spaces aboard the subject vessel, including but not limited to, the International Convention for the Safety of Life at Sea (SOLAS), the Internation Safety Management ("ISM") Code of the International Maritime Organization ("IMO"), and the Defendant's Safety Management System ("SMS").

16. Upon information and belief, the Defendant, in compliance with the ISM, IMO, and/or SMS established and approved internal standards for:

    a. The design, layout, installation, and inspections of passenger-accessible flooring spaces aboard the subject vessel in various areas board its cruise vessels, including the subject area; and/or

    b. The use and selection of flooring materials for various areas board its ships, including the subject vessel. The internal standards included co-efficient of friction for walking surfaces used in heavily trafficked areas where there was a high risk of water being on the flooring. Upon information and belief, these internal standards were created and/or approved of by Defendant.

    c. The inspection, maintenance and cleaning of flooring spaces in areas where food and beverages are served.

17. Defendant markets and avails its cruise services to elderly persons, such as the Plaintiff. Defendant is aware that its elderly passengers may have mobility issues, vision issues, and/or may become easily confused or turned around on its vessels. It is common knowledge that such passengers are more at risk of (i) falling on poorly or negligently maintained walkways; and/or

(ii) falling on foreign substances negligently left in walkways.

### **The Incident**

18. On or about January 31, 2025, the Plaintiff (75) was walking in the World Fresh Marketplace buffet area located on Deck 16.

19. As Plaintiff was walking, she suddenly and without warning, came in contact with a foreign substance on the floor which caused her to fall  ("the Incident"). The foreign substance was not open or obvious and there were no warning or caution signs present to have alerted the Plaintiff to the dangerous and hazardous condition.

20. The subject area where the Incident occurred constituted a dangerous condition for the reasons that include, but are not limited to:

   a. The subject area contained a wet, dirty, and/or unreasonably dangerous foreign substance which made the flooring surface unreasonably sticky and/or dangerous when so contaminated;

   b. The flooring surface of the subject area was sticky and/or unreasonably dangerous, even without being contaminated by the foreign substance; and/or

   c. Defendant failed to place warning/caution signs and/or antislip mats in or around the subject area which could have reasonably communicated to the Plaintiff the foreign substance on the floor and/or the dangerous nature of the flooring surface in the subject area.

21. As a result of Defendant's negligence and its actions and failures to provide the Plaintiff with a reasonably safe place to walk, the Plaintiff slipped and fell and was injured, suffering serious, permanent and debilitating injuries, including but not limited to a fractured femur requiring an emergency medical disembarkation and ultimately surgery.

**Duty of Care**

22. At all times material hereto, it was the duty of the Defendant to provide the Plaintiff with reasonable care under the circumstances.   This duty included providing Plaintiff with a reasonably safe place to walk.

23. Alternatively, at all material times, Defendant, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings, including the proper and adequate placement of warning/caution signs, and the proper and adequate blocking off and/or cleaning of spills.

**Notice**

24. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

    a. Prior to and/or at the time of the subject Incident, Defendant's policy and procedure to have crewmembers specifically assigned to the subject area whose duty is to walk around the subject area to continuously monitor the flooring surfaces to identify and remedy dangerous conditions.  In this instance Defendant had crewmembers specifically stationed in the World Fresh Marketplace whose job is to maintain the area which would include inspecting the area for spills, wet spots, and/or foreign substances and to block off and/or place warning/caution signs.   Here, these crewmembers walked through the subject area and directly by the subject dangerous condition  These crewmembers did and/or should have observed the dangerous condition but did not take appropriate remedial measures to prevent the subject Incident.

    b. Prior to and/or at the time of the subject Incident, the foreign substance which caused the Plaintiff to fall was dirty, and as such, appeared to have been present on the floor for a

sufficient amount of time, such that, Defendant's crewmembers who were standing within a close distance to the subject area and those crewmembers assigned to monitor and inspect the area, did and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but did not take appropriate remedial measures to prevent the Plaintiff's incident;

c.  Prior to and/or at the time of the subject Incident, Defendant had installed video cameras to monitor the subject area which captured images of the subject Incident.  Had the Defendant reasonably monitored the subject area via those cameras, Defendant did or would have observed the dangerous condition, but Defendant did not take appropriate remedial measures to prevent the subject Incident;

d.  Prior to and/or at the time of the subject Incident, Defendant developed and set forth in its Standard Procedures Manual, policies and procedures for the inspection, monitoring and maintenance of the subject area, including specifically the proper placement of warning/caution signs to prevent passengers from slipping and falling on dangerous condition like the Plaintiff fell on in the area where the Plaintiff had fallen;

e.  Prior to and/or at the time of the subject Incident, Defendant was aware of prior similar incident of passengers falling on foreign substances in the World Fresh Marketplace buffet made of same and/or similar flooring.  *See, Martinez v Princess Cruise Lines, Ltd*[1]., case no.: 2:19-cv-2159-PSG-JC (while a passenger aboard the *Caribbean Princess* a foreign

---

[1] The foregoing are examples of substantially similar incidents involving falls in passenger accessible flooring based upon Plaintiff's investigation to date. Upon information and belief additional incidents will be disclosed in discovery. Plaintiff is presently unable to determine the existence of other prior similar incidents that provide constructive notice to the Defendant. Upon information and belief, this is due to the Defendant' practice of settling similar cases and, as a part of each settlement agreement, requiring the injured person to enter into a confidentiality clause to conceal the facts and circumstances of the similar prior incident. Accordingly, it is believed that Defendant is intentionally concealing prior incidents that may be substantially similar to the present incident. Likely, the only way to uncover other prior similar incidents in this case is through the discovery process

substance caused the plaintiff to fall while he was walking in the World Fresh Marketplace buffet. Plaintiff alleged the foreign substance was not open or obvious and their were no warning or caution signs present to alert him to the dangerous condition.)

f.  Prior to and/or at the time of the subject Incident, Defendant held shipboard safety meetings, attended by the ship's officers including the Safety Officer and Hotel Director, where similar prior incidents were/are discussed, the root cause of the incidents, and remedial measure to be taken, including but not limited to areas prone to become wet or have foreign substances on the deck, and warning/caution signs.

g.  Defendant is aware of the need for flooring aboard its vessels to be regularly maintained, swept, mopped, and properly cleaned. Defendant is further aware that improper or neglectful maintenance of flooring used by passengers, creates a hazardous condition. A hazardous condition, if not cleaned up properly and promptly, can lead to serious injuries. Therefore, the Defendant has developed detailed rules, policies, and procedures for these purposes to minimize the risk of the very injury suffered by Plaintiff as alleged. Defendant is further aware of the need to maintain and inspect passenger accessible flooring. As part of its detailed policies and procedures, the Defendant requires routine inspection and maintenance of flooring.

h.  Prior to and/or at the time of the Subject Incident,  it is reasonably foreseeable that an elderly passenger, such as the Plaintiff, while walking on a floor contaminated with a foreign substance would fall and incur serious personal injury.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 24 as though alleged originally herein.

25. At all times material hereto, it was the duty of Defendant to warn passengers, including the Plaintiff, of dangers it knew of, or should have known of, in places where passengers, like Plaintiff, are invited to be, or may reasonably be expected to visit.

26. At the of the Plaintiff's Incident, Defendant and/or its agents, servants, and employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the dangers posed by the subject area;

   b. Failure to warn the Plaintiff of the contaminated nature of the floor;

   c. Failure to warn Plaintiff that the flooring where Plaintiff fell becomes hazardous and dangerous when contaminated with a foreign substance;

   d. Failure to post warnings and/or block off the subject area so as to warn passengers, such as the Plaintiff, of the hazardous flooring condition;

   e. Failure to have placement of adequate and effective warning/caution signs to alert passengers to the dangerous condition;

   f. Failure to adequately warn the Plaintiff of the lack of promulgated and/or enforced policies and procedures concerning the maintenance and/or inspection of the subject area; and/or

   g. Failure to adequately warn passengers and the Plaintiff of other fall accidents previously occurring in same manner, area and/or same flooring surface.

27. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because the Plaintiff's incident would not have occurred had Defendant and/or its agents, servants, and/or employees adequately warned and/or communicated the danger posed by the subject area to the Plaintiff.

28. At all times material hereto, the subject area was not properly or adequately maintained to warn passengers, including the Plaintiff, of the foreign substance thereby creating a dangerous

and/or hazardous condition.

29. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance, inspection, and/or supervision of the subject area and/or through prior incidents involving passengers injured due to the unsafe flooring conditions aboard Defendant's vessels and/or other vessels reported within the cruise industry. See also paragraph 24.

30. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of her vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs 1 through 24 as though alleged originally herein.

31. At all times material hereto, it was the duty of Defendant to maintain the subject area in a reasonably safe condition.

32. At the time of the Plaintiff's Incident, Defendant and/or its agents, servants, and employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately maintain the flooring in a clean dry condition;

   b. Failure to adequately maintain the floor free of foreign substances;

   c. Failure to provide the Plaintiff with a safe place to walk;

   d. Failure to adequately inspect and/or monitor the subject flooring so it could be used in a reasonably safe manner.

   e. Failure to adequately maintain the subject flooring so that it would be free of dangerous and/or defective condition(s);

   f. Failure to maintain non-slid flooring surface in the subject area;

   g. Failure to maintain the subject flooring with reasonable coefficient of friction to ensure floor was reasonably safe for walking and not create a fall hazard;

   h. Failure to maintain the placement of warning/caution signs in a manner which would have alerted passengers to the dangerous condition;

   i. Failure to maintain the surface of the floor in a reasonably safe condition if/when the subject area floor became contaminated with a foreign substance, including, but not limited to, closing off the subject area, and/or placing signage to warn passengers of hazardous areas;

   j. Failure to maintain anti-slip/slip-resistance material, mats and/or anti-slip/slip-resistance tape on the subject flooring surface;

   k. Failure to adequately test the coefficient of friction and slip resistance of the subject

flooring surface before opening it up to passengers (like Plaintiff);

l.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject flooring is adequately and regularly inspected, monitored, cleaned, and maintained free of foreign substances; and/or

m.  Failure to promulgate and/or enforce adequate policies and procedures to inspect and maintain the subject flooring in a reasonably safe condition.

33. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because the Plaintiff's incident would not have occurred but for Defendant's failure to adequately maintain, inspect, and monitor the subject area.

34. At all times material hereto, the subject area was not properly or adequately maintained or inspected so that passengers, including the Plaintiff, could walk aboard the vessel in a reasonably safe manner. Defendant's failure to properly and adequately maintain the subject area created the dangerous and/or hazardous condition(s) that caused Plaintiff to fall and suffer serious personal injury.

35. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance, inspection, and/or supervision of the subject area and/or through prior incidents involving passengers injured due to the unsafe flooring conditions aboard Defendant's vessels and/or other vessels reported within the cruise industry.  See also paragraph 24.

36. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about

Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of her vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 24 as though alleged originally herein.

37. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

38. At the Plaintiff's Incident, Defendant through its crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of care owed to the Plaintiff and were negligent in one or more of the following ways:

    a. Failing to provide the Plaintiff with reasonable care under the circumstances;

    b. Failing to provide the Plaintiff with reasonably safe area to walk;

    c. Failing to ensure the subject area was free of dangerous and/or defective conditions(s) that would pose fall hazard(s);

d.  Failing to correct the unreasonably dangerous, defective condition(s) and/or fall hazard(s) on the subject area;

e.  Failure to close off and/or place warning signs on and/or around the unreasonably dangerous subject area and surrounding areas;

f.  Failure to warning/caution signs in a reasonable manner that would sufficiently alert passengers to the dangerous conditions;

g.  Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered from happening;

h.  Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff;

i.  Failure to analyze prior slip-and-fall accidents aboard Defendant's vessels occurring in the same area and/or type of flooring surface so as to remedy such hazardous conditions;

j.  Failure to correct hazardous conditions following other fall accidents in the same area and/or type of flooring surface; and/or

k.  Failure to select, adopt, approve and/ or utilize a reasonably safe flooring, and/or retrofit flooring, surface in light of the anticipated traffic and anticipated purpose of the area.

39. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

40. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the

circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance, inspection, and/or supervision of the subject area and/or through prior incidents involving passengers injured due to the unsafe flooring conditions aboard Defendant's vessels and/or other vessels reported within the cruise industry. See also paragraph 24.

41. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of her vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT IV
## <u>VICARIOUS LIABILITY</u>

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 24 as though alleged originally herein.

42. At all times material, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances. Alternatively, Defendant engaged in certain affirmative undertakings and in doing so acquired a duty to exercise reasonable care in those undertakings. This duty of reasonable care extends to the Defendant's employees, agents, representatives and

crewmembers so that they also owe the Plaintiff a duty of reasonable care.

43. At all times material, Defendant had specific crewmembers assigned to the World Marketplace buffet area whose job duties were to inspect, monitor and maintain the area so as to provide the passengers, including the Plaintiff, a reasonably safe place to walk.

44. At all times material, these specific crewmembers was/were agents, servants and/or employees of Defendant.

45. At all times material, these specific crewmembers was/were acting within the course and scope of his/her employment.

46. Defendant, as the employer of these specific crewmembers, is vicariously liable for any and all damages resulting from the negligent acts of the subject crewmembers while acting within the scope of employment under the doctrine of *respondeat superior*.[2]

47. Defendant, as the employer of these specific crewmembers, is vicariously liable for any and all damages resulting from the negligent acts of these specific  crewmembers regardless of whether Plaintiff can show that Defendant had actual or constructive notice of the subject condition that caused Plaintiff's injuries.[3]

48. At the Plaintiff's Incident, Defendants' crewmembers, agents, servants, and/or employees breached the duty owed to Plaintiff based on the following acts and/or omissions, for which Defendant:

    a. Failure to provide reasonably safe place to walk;

    b. Failure to inspect, monitor and maintain the subject area;

    c. Failure to block off and/or warn of the contaminated floor;

    d. Failing to warn the Plaintiff of dangerous and/or hazardous conditions; and/or

---

[2] *See. Yusko v. NCL* (Bahamas), Ltd., 4 F.4th 1164, 1169 (11th Cir. 2021)
[3] *See. Id*. at 1164, 1170 (11th Cir. 2021)

e.   Failure to provide the Plaintiff was assistance and/or supervision.

49. The above acts and/or omissions caused, and/or contributed, to Plaintiff suffering significant injuries as the incident would not have occurred but for the above acts and/or omissions.

50. As a direct and proximate result of the negligence, for which Defendant is vicariously liable, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of her vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against Defendant for compensatory damages, interest, court costs, and all other relief recoverable under general maritime law or as this Court deems just and proper.

Dated: January 23, 2026.

LIPCON, MARGULIES,
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce De Leon Blvd., Suite 1480
Coral Gables, Florida 33141
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:     */s/ Carol L. Finklehoffe*
**CAROL FINKLEHOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com